## WILLIAMSON, Plaintiff in error, *v.* KINCAID.

### *Jurisdiction in error.—Amount in controversy.—Supersedeas.*

If the value of the matter in dispute do not appear on the record, it may be shown by affidavit; but in such a case, the writ of error is not a *supersedeas.*[1]

ERROR from the Circuit Court of Georgia. It appeared from the record, that "Marian Kincaid, of Great Britain, widow, demanded against John G. Williamson, the one-third of 300 acres of land, &c., in Chatham county, as dower. That the tenant pleaded : 1st. The act of Georgia (passed the 1st of March 1778) attainting G. Kincaid (the demandant's late husband), forfeiting his estate, and vesting it in Georgia, without office. 2d. The act of the 4th of May 1782, banishing G. Kincaid, and confiscating his estate. 3d. The appropriation and sale of the lands in question, by virtue of the said attainder and confiscation, before the 3d of September 1783 (the date of the definitive treaty of peace), and before G. Kincaid's death. 4th. The alienage of the demandant (who was resident abroad on the 4th of July 1776 and ever since), and therefore, incapable of holding lands in Georgia. That the demandant replied, that she and her husband were inhabitants of Georgia, on the 19th of April 1775, then under the dominion of Great Britain ; that her husband continued a subject of Great Britain, and never owed allegiance to Georgia, nor was ever convicted, by any lawful authority, of any crime against the state. That the tenant demurred to the replication, the demandant joined in demurrer, and judgment was pronounced by the circuit court (composed of WASHINGTON, Justice, and CLAY, District Judge), for the demandant." On this judgment, the writ of error was brought, and the following errors assigned. 1. The general errors. 2. The attainder of G. Kincaid and the forfeiture and sale of his estate ; so no right to dower accrued ; and no land out of which it could be enjoyed. 3. The alienage of the widow, on the 4th of July 1776, and ever since, by which she was incapable to take and hold real estate in Georgia.

The principal question (whether an alien British subject was entitled, under the treaty of peace, to claim and hold lands in *dower) was not discussed, as the judgment was reversed, for want of a sufficient description of the parties to the suit, on the authority of *Bingham* v. *Cabot*, 3 Dall. 382, and *Turner* v. *Bank of North America* (*ante,* p. 8). But an important point of practice was previously settled, relative to the mode of ascertaining the value of the matter in dispute, in an action like the present.

For the *plaintiff* in error, it was admitted, in answer to an objection, that the value of the matter in dispute did not appear upon the record ; but it was urged that, from the nature of the subject, the demand of the plaintiff could not ascertain it ; nor from the nature of the suit (like a case of ejectment, where the damages are only given for the ouster) could it be fixed by the finding of a jury, on the judgment of the court. 3 Bl. Com. 35–6. As, therefore, there was no act of congress, nor any rule of the court, prescribing a mode to ascertain, in such cases, the value in dispute, that the party may have the benefit of writ of error, it was proposed to continue the cause,

---

     [1] Course *v.* Stead, *post*, p. 22.

Rutherford v. Fisher.

to afford an opportunity to satisfy the court, by affidavits, of the actual value of the property.

By THE COURT.—Be it so : let the value of the matter in dispute be ascertained by affidavits, to be taken on ten days' notice to the demandant, or her counsel, in Georgia.    But, consequently, the writ of error is not to be a *supersedeas.*

*Ingersoll* and *Dallas,* for the plaintiff in error.    *E. Tilghman,* for the defendant in error.